| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| CURTIS C. MASON, | § | |
| | § | |
| Plaintiff, | § | |
| versus | § | CIVIL ACTION H-06-2424 |
| | § | |
| | § | |
| ANN S. FUELBERG, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

A man sued his health-insurance plan saying that its allocation of benefits was discriminatory. The plan says that his claims were time-barred. The plan is correct.

2. *Background.*

Curtis Mason retired from NASA in 1978, retaining his insurance under the Federal Employees Health Benefit plan. He started a new job with the Texas Department of Criminal Justice. He retired from it in 1990 at sixty-two and enrolled in the Employee Retirement System of Texas's insurance; he had health coverage under both the federal and state plans.

The Texas plan has rules about how much it will pay and how it allocates payment when participants have coverage under other plans. In 2004, Mason made claims that Texas did not fully pay. Texas said that under the regulations of its plan, because Mason failed to buy Medicare Part B, he had to pay the amount Medicare B would have.

Mason sued Ann Fuelberg who is the director of the Texas Employee Retirement System, saying that the requirement that he purchase additional coverage violates federal law on age discrimination. Age Discrimination in Employment Act, 29 U.S.C. § 623 (2006). He also asked for a declaratory judgment that (a) his current federal coverage fills the Texas requirement for additional insurance, (b) he is not required to buy Medicare Part B, and (c) that Texas has to pay more of his medical bills than it does currently.

Fuelberg moved for summary judgment arguing that Mason's discrimination claim is time-barred. She is right.

Mason's claims on what he is entitled to under Texas's coordination of benefits fail as a matter of law.

His pleadings also vaguely refer to the Fourteenth Amendment as a basis for relief. To the extent he attempts to raise a claim for constitutional violations, he also fails.

3.  *The Plan.*

The Texas plan covers health care costs for its members.  As the name implies, its members are retirees, so many of them are eligible for coverage under Medicare.  Like other insurance plans, the coverage varies with a member's age and other insurance. When members have other health insurance such as Medicare, Texas becomes a secondary carrier – only paying amounts that the primary carrier does not.

Texas encourages members to buy Medicare Part B when they become eligible to keep its costs low.  If Medicare pays, the plan does not have to.  Texas does not require Medicare Part B.  It simply tells members that if they do not get Medicare, they will have to pay the portion Medicare would have.

Mason says that by requiring members to pay when they do not buy Medicare Part B, Texas discriminates against older members.  He says that the choice between buying Medicare coverage or paying that portion of his own expenses is no choice at all.

4.  *Limitations.*

When a person thinks his employer has discriminated against him because of his age, he must seek review from the Equal Employment Opportunity Commission before filing suit.  In Texas, he cannot sue if he fails to ask for the review within 300 days of the perceived violation.  *Stith v. Perot Sys. Corp.*, 122 Fed. Appx. 115, 117 (5th Cir. 2005).

Mason's discrimination claims are barred because he did not seek review from the Commission on time.  In a letter sent July 29, 1993, Texas told Mason about the requirement that he now says is discriminatory.  If it is discriminatory now, it was discriminatory when he first learned of it.  He needed to have asked for review by May 25, 1994, to preserve his right to sue.  At the very latest, it was discriminatory once he turned sixty-five and faced the choice of paying that part of his medical bills out of his own pocket or buying a different form of coverage; then he should have asked for review by June 21, 1994.  Mason did not complain to the Commission until January of 2005. He cannot now claim the plan discriminates against him.

Mason argues that each denial of coverage was a separate intentionally

discriminatory act and that his filing with the Commission was on time. He is wrong. Each denial was based on the same plan regulation he was told about in 1993. If Texas had discriminatory intent – something that Mason has failed to show – it was when it adopted the regulation. The calculations of coverage simply give effect to the regulation that Texas had already adopted – the regulation Mason knew about for fifteen years before he complained about it. *See Ledbetter v. Goodyear Tire & Rubber Co.* 75 U.S.L.W. 4359, 4364 (2007).

5.  *Coordination of Benefits.*

The Texas plan encourages eligible retirees to buy Medicare Part B to keep premiums low. Mason says that his federal insurance serves the same purpose, so he should not have to buy Part B. He wants this court to decide which type of insurance best serves the goals of the state of Texas. The Texas legislature has entrusted the coordination of benefits to the plan's directors. Tex. Ins. Code Ann. §1551.051 (Vernon 2003). Mason has not shown that their choices about benefits are so baseless as to be arbitrary or that they have violated a particular constitutional provision.

Mason also asks this court to find that his federal insurance is the same as Medicare Part B under federal law. The statute Mason relies on says that doctors and suppliers who have agreements with the government and accept Medicare have to treat some other forms of federal insurance like Medicare. 5 U.S.C. § 8904(B)(ii) (2000). It applies to physicians and others who give medical services. It does not say that insurance companies have to treat other federal coverage the same when they coordinate payment of claims.

Mason also seeks a declaration that Texas's rules do not require him to buy Medicare Part B. He is absolutely right. Texas has told him this same thing numerous times. He may choose not to buy additional coverage – he just has to pay a portion of his medical expenses directly when he makes that choice.

Mason also seeks a declaration that under its regulations, Texas's coverage must be secondary to his federal coverage. He is wrong.

Both Mason and Texas agree that his Federal coverage is primary. Mason says that Texas must be secondary. He overlooks that he is entitled to coverage under the Texas plan as a retiree. The Texas plan says that benefits a member gets because he is a retiree are considered after all other benefits he receives. If he had purchased Medicare Part B, Mason would have been entitled to that coverage because of his age and federal law, not

because of his retirement. Texas pays benefits after Medicare Part B. Under Texas's regulations, a member who chooses not to buy Medicare Part B assumes that responsibility. Texas need only pay after Mason pays those amounts he is responsible for in lieu of Medicare Part B.

6. *Constitution.*

In his first amended complaint, Mason says that this court has jurisdiction over his claims under the Fourteenth Amendment, but then fails to show how or why his constitutional rights have been violated. If he believes that Texas either deprived him of a property interest without the process he was due or denied him the equal protection of the laws, he pleaded no facts to support it. He has not argued that people who have made choices similar to his have been treated differently. The facts he pleaded do not support a cause of action for constitutional violations.

7. *Conclusion.*

Having known about the requirements of the Texas plan for fifteen years, Mason cannot now claim that they discriminate against him. Insurance companies need only pay claims for which they are contractually obligated. Mason has to comply with the conditions of Texas's plan in order to get the benefits it provides.

Signed on July 31, 2007, at Houston, Texas.

_____
Lynn N. Hughes    USDJ
United States District Judge